**No. 44511.**—Protests 23327–K, etc., of J. S. Hoffman Co. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the. authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

**No. 44512.**—Protests 26753–K, etc., of Dal, Inc., et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

**No. 44513.**—Protests 33049–K, etc., of Anglo American Trading Corp. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

**No. 44514.**—Protests 882227–G, etc., of Baltic Trading Co. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.

**No. 44515.**—Protests 924233–G, etc., of M. Augenblick & Bro. et al. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of *Stokby* v. *United States* (4 Cust. Ct. 343, C. D. 358) it was held that 10 percent allowance should have been made for the weight of the gelatinous material in question.